# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

ISAIAH ALEXANDER BOSTON,

    Petitioner,

vs.                                  Case No. 5:16cv244-MP/CAS

JULIE JONES, Secretary, Florida
Department of Corrections,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.

Petitioner is currently incarcerated at the Gulf Correctional Institution in Wewahitchka, Florida, located in the Northern District of Florida.  He challenges his conviction from the Fourth Judicial Circuit in Duval County, Florida, which is located in the Middle District of Florida.

Since the Middle District is the district of conviction it would appear to be the most convenient for witnesses should an evidentiary hearing be necessary, and so transfer of this cause to the Jacksonville Division of the Middle District of Florida is appropriate.  Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (division of conviction, where witnesses were located, was appropriate venue over division of

confinement in challenge to conviction); Parker v. Singletary, 974 F.2d 1562, 1582 and n. 118 (11th Cir. 1992) (courts should give careful consideration to the convenience of witnesses in transferring habeas corpus petitions under § 2241(d), citing Mitchell).

It is therefore respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on August 31, 2016.

Charles A. Stampelos
CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** See **11th Cir. Rule 3-1; 28 U.S.C. § 636.**